# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 11-1141**　　　　　　　　　　　　**September Term, 2013**

**EPA-76FR15554**
**EPA-78FR7488**

**Filed On:** May 15, 2014

American Chemistry Council,
　　　Petitioner

　　　v.

Environmental Protection Agency,
　　　Respondent

------------------------------
American Forest & Paper Association, et al.,
　　　Intervenors
------------------------------

Consolidated with 11-1182, 11-1207, 11-1208,
13-1105, 13-1107

　　　**BEFORE:**　　Griffith, Srinivasan, and Wilkins, Circuit Judges

## O R D E R

　　　Upon consideration of the motion for partial voluntary remand without vacatur, the responses thereto, and the reply; the motion for affirmative relief, the responses, the replies and the errata thereto, it is

　　　**ORDERED** that the motion for partial voluntary remand without vacatur be granted, and the motion for affirmative relief be denied. The numeric standards identified by EPA on pages 5-6 of its remand motion, set forth in "National Emission Standards for Hazardous Air Pollutants for Area Sources: Industrial, Commercial, and Institutional Boilers," 78 Fed. Reg. 7488 (Feb. 1, 2013), are hereby remanded to EPA for further proceedings. The Clerk is directed to issue forthwith a certified copy of this order to the agency in lieu of partial formal mandate. It is

　　　**FURTHER ORDERED** that the following briefing format and schedule apply to the remainder of the consolidated cases:

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

**No. 11-1141**                                              **September Term, 2013**

| | |
|---|---|
| Industry Petitioners' Brief<br>(not to exceed 11,200 words) | August 26, 2014 |
| Environmental Petitioners' Brief<br>(not to exceed 11,200 words) | August 26, 2014 |
| Respondent's Brief<br>(not to exceed 22,400 words) | November 24, 2014 |
| Industry Intervenor-Respondents' Brief<br>(not to exceed 7,000 words) | December 24, 2014 |
| Environmental Intervenor-Respondents' Brief<br>(not to exceed 7,000 words) | December 24, 2014 |
| Industry Petitioners' Reply Brief<br>(not to exceed 5,600 words) | January 7, 2015 |
| Environmental Petitioners' Reply Brief<br>(not to exceed 5,600 words) | January 7, 2015 |
| Deferred Appendix | January 21, 2015 |
| Final Briefs | February 4, 2015 |

The parties will be notified by separate order of the oral argument date and composition of the merits panel. The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 11-1141**                                                                            September Term, 2013

statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Procedures 41 (2013); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

      Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Timothy A. Ralls
Deputy Clerk